UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN WILLIAMSON, JR., | No. 2:22-cv-02169-EFB (PC) |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. STEWART, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983.  Currently before the court are: (1) plaintiff's motion for an order compelling prison officials to allow him to review his medical records and central file (ECF No. 24); (2) plaintiff's motion to withdraw deemed admissions (ECF No. 26); (3) requests from both parties to modify the discovery and dispositive motion schedule (ECF Nos. 26, 31, and 34); (4) plaintiff's motion for appointment of counsel (ECF No. 31); and (5) defendants' motion to compel plaintiff to respond to their discovery requests (ECF No. 34).  For the reasons that follow, the court will deny plaintiff's motions regarding his records and for counsel without prejudice, grant plaintiff's motion to withdraw deemed admissions, grant defendants' motion to compel, and modify the schedule.

////

////

1

I.  **Background**

This action proceeds on plaintiff's amended complaint (ECF No. 22), which alleges that, on September 21, 2021, defendants Avila, Saeteurn, Stewart, and Yang (correctional officers at California State Prison, Sacramento) beat him after he refused to enter a cell contaminated with feces. Stewart prevented medical staff from treating plaintiff for injuries sustained in the beating by telling medical staff that plaintiff was uninjured and needed no help, and defendant Rawls refused to provide medical treatment to plaintiff for his injuries. All defendants refused to give plaintiff his asthma inhaler despite having used pepper spray on him during the attack. Defendants Stewart, Yang, Avila, Saeteurn, and Myers later retaliated against plaintiff by fabricating a rules violation report to cover up the officers' use of excessive force.

Under the current schedule, the discovery cut-off passed on December 21, 2023, and dispositive motions must be filed by March 21, 2023. ECF Nos. 19, 21.

II.  **Plaintiff's Motion Concerning His Records**

Plaintiff asks the court for an order compelling prison officials at Kern Valley State Prison to allow him access to his medical records and central file. ECF No. 24. He states that he has made may requests of officials and correctional officers, but those requests have been denied. Defense counsel responds that she has inquired with the prison and learned that plaintiff has not requested to review his medical records and was permitted to review his central file on October 9, 2023. ECF No. 33-1 at 3. Plaintiff does not respond to these representations from defense counsel. As it appears that plaintiff has not been prevented from viewing his records, the court will deny the motion without prejudice. Should plaintiff wish to present the court with evidence or argument supporting his claim that he has not been permitted to review his records, he may file a new motion with appropriate support for his contentions.

III.  **Plaintiff's Motion to Withdraw Deemed Admissions**

Plaintiff does not dispute that he failed to timely respond to defendants' requests for admissions. He argues, however, that he was unaware that the effect of such a failure would be that the requests would be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Defendants argue that plaintiff was obligated to educate himself on the requirements of the Federal Rules of Civil

2

Procedure and that they were not required to inform plaintiff of the provisions of Rule 36(a)(3). They further argue that they have been prejudiced by his failure to respond because the case has been delayed and they have had to expend resources to litigate the issue.

Under Rule 36(b), "the court may permit the withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Thus, prejudice in this context is not concerned with delay or resources, but rather with defendants' ability to defend the case. In addition, contrary to defendants' claim, courts in this circuit have routinely held that it is improper to deem requests for admissions admitted where defendants failed to provide notice to a pro se prisoner litigant of the effect of a failure to timely respond to the requests. *E.g.*, *Watkins v. Greenwood*, No. 1:16-cv-00850-LJO-SAB, 2017 U.S. Dist. LEXIS 133514, at *7-10 (E.D. Cal. Aug. 18, 2017); *Jefferson v. Perez*, CIV S-09-3008 GEB CKD P, 2011 U.S. Dist. LEXIS 116614, at *2-5 (E.D. Cal. Oct. 7, 2011); *Diggs v. Keller*, 181 F.R.D. 468, 469 (D. Nev. 1998) ("[B]efore a matter may be deemed admitted against a pro se prisoner for failure to respond to a request, the request for admission should contain a notice advising the party to whom the request is made that, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request or within such shorter or longer time as the court may allow.").

Defendants have not shown that they would be materially prejudiced in their defense of this action if plaintiff is permitted to withdraw the deemed admissions or that they provided plaintiff with notice of the effect of untimely response to their requests for admissions. Additionally, allowing plaintiff to withdraw the deemed admissions would promote the disposition of this case on the merits rather than a discovery rule technicality. Accordingly, the court grants plaintiff's motion to withdraw the deemed admissions.

////

////

////

### IV. Plaintiff's Motion for Appointment of Counsel

Plaintiff moves for appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered those factors, the court finds there are no exceptional circumstances in this case. Plaintiff argues that counsel should be appointed because he lacks legal training and skills, must defend himself in a currently-ongoing criminal case, and will need to present expert testimony. Issues common to nearly all pro se prisoners, such as lack of training, do not present exceptional circumstances justifying appointment of counsel. Nor does the case present particularly complex issues. In addition, the court cannot assess whether plaintiff's case will require expert testimony at this early date. *See Driver v. Kern Cnty. Super. Ct.*, No. 2:20-cv-1665 JAM KJN P, 2022 U.S. Dist. LEXIS 22881 (E.D. Cal. Feb. 7, 2022) (discussing law governing the court's appointment of experts). Accordingly, the motion will be denied.

### V. The Motions to Modify the Schedule

All parties seek to modify the schedule. Defendants argue that they cannot depose plaintiff yet because he has totally failed to respond to written discovery. ECF. No. 34. Plaintiff does not dispute this fact. Plaintiff argues that he will be "out to court" defending himself in a criminal matter and thus cannot litigate this action currently, although he provides no dates or other information from which the court might determine a timeline for the criminal case. ECF No. 31. He also argues that defendants' discovery requests are large and will take time to respond to. ECF No. 26.

////

Because it appears that plaintiff has, thus far, wholly failed to respond to defendants' discovery requests, the court will modify the schedule as provided below. Plaintiff will be allowed one last opportunity to timely respond to defendants' discovery requests by the deadline provided in this order. Should plaintiff find that he cannot meet the deadline, he must file a motion seeking an extension that details the steps plaintiff has taken to respond and the reasons why he cannot meet the deadline.

### VI. Defendants' Motion to Compel

As noted above, it is undisputed that plaintiff has not responded to the requests for admission, interrogatories, and requests for production of documents served on him by defendants in July 2023. He has filed no opposition to defendants' December 6, 2023, motion to compel. Accordingly, the court grants the motion as provided below.

### VII. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's September 28, 2023, motion to compel prison officials to provide him access to his medical records and central file (ECF No. 24) is DENIED without prejudice;

2. Plaintiff's November 20, 2023, motion for appointment of counsel (ECF No. 31) is DENIED without prejudice;

3. Plaintiff's October 28, 2023, motion to withdraw deemed admissions (ECF No. 26) is GRANTED;

4. Defendants' December 6, 2023, motion to compel plaintiff's responses to discovery (ECF No. 32) is GRANTED, and plaintiff shall serve responses to defendants' July 2023 requests for admission, interrogatories, and requests for production of documents within 30 days of service of this order; and

5. The deadlines set in the court's August 14, 2023, order (ECF No. 21) are VACATED and reset as follows:
    i. The parties may conduct discovery until April 26, 2024. Any motions necessary to compel discovery shall be filed by that date.

      ii.   Dispositive motions must be filed on or before September 27, 2024.

      iii.  The remaining provisions of the August 25, 2023, scheduling order (ECF No. 19) remain in effect.

Dated: February 5, 2024

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE