UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN WILLIAMSON, JR. | No. 2:22-cv-02169-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| D. STEWART, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint (FAC) against defendants Stewart, Yang, Saeturn, Myers, Avila, and Rawls.  ECF No. 27.  Now before the court is defendants' motion for terminating sanctions.  ECF No. 37.  In the alternative, defendants move to deem their requests for admissions admitted.  *Id.*  For the reasons stated below, defendants' request for terminating sanctions must be granted, and all other outstanding motions are denied as moot.

I.     **Background**

Defendants served written discovery requests on plaintiff on July 21, 2023.  ECF No. 32-1 at ¶ 3, Exs. A-P.  The parties stipulated that the due date for all discovery would be September 21, 2023.  ECF No. 32-1 at ¶ 4, Ex. Q.  While defendants provided timely responses to the discovery requests served by plaintiff, plaintiff did not send any responses on or before the deadline.  ECF

1

No. 32-1 at ¶ 6.

Defendants subsequently began to meet and confer with plaintiff regarding the late responses to discovery requests. Defendants sent a meet and confer letter on October 6, 2023, offering an extension of time until October 20, 2023. ECF No. 32-1 at ¶ 7, Ex. R. Plaintiff did not respond by that date. *Id.* at ¶ 8. Defense counsel then spoke with plaintiff via phone and offered a further extension until November 22, 2023. *Id.* at ¶ 9. Defense counsel sent a second meet and confer letter confirming the further extension to plaintiff on November 15, 2023. *Id.* at ¶ 10, Ex. S.

Plaintiff filed a motion to withdraw the admissions deemed admitted on October 24, 2023. ECF No. 26. Defendants subsequently filed a motion to compel (ECF No. 32), which plaintiff did not oppose. In an order filed February 5, 2024, this court granted both motions, and ordered plaintiff to respond to defendants' discovery requests originally served in July 2023 by March 6, 2024. ECF No. 36. The court informed plaintiff that he would be "allowed one last opportunity to timely respond to defendants' discovery requests," and cautioned him to file a motion for an extension if he found himself unable to meet the court-ordered deadline. *Id.* Plaintiff did not file a motion for an extension, nor did he respond to defendants' discovery requests or communicate with defendants in any way regarding his discovery obligations. ECF No. 37-1; Declaration of Jacqueline Kallberg (Kallberg Decl.) at ¶¶ 5-7. Defense counsel contacted the litigation coordinators at plaintiff's penal institutions to confirm that plaintiff had not mailed any correspondence to defendants. *Id.* at ¶ 6. Defendants subsequently filed this motion on March 20, 2024. ECF No. 37. Plaintiff has not filed an opposition to defendants' motion, nor has he filed a request for an extension.

**II.    Discussion**

    **A.    Legal Standard**

A court may dismiss a case for a party's failure to comply with court orders. Fed. R. Civ. R. 41(b). A court may also impose sanctions, including the sanction of dismissal, on a party who does not comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "'[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must

be due to willfulness, fault or bad faith.'" *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir. 1985)).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61; *see also Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

**B.     Analysis**

Because plaintiff has not responded in any way to defendants' motion, the court has no evidence before it that plaintiff's failure to comply with the court's orders regarding discovery was not due to willfulness, fault, or bad faith. In fact, plaintiff has filed nothing with this court since the court's order of February 5, 2024, and appears to have ceased litigating this action.

Given the above, plaintiff's failure to comply with court orders appears to have been willful. *See, e.g. Fjelstad,* 762 F.2d at 1337 (finding that disobedient conduct that is not shown to be outside the litigant's control is willful). In addition, the court also finds that the public's interest in expeditiously resolving this litigation and the court's need to manage its docket weigh in favor of dismissal, as this case has been pending since December 6, 2022, and it is plaintiff's conduct that has delayed the proceedings and forced the court to modify its scheduling orders. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). It is also prejudicial to defendants

3

to allow plaintiff to continue prosecuting this action while depriving defendants of their right to conduct meaningful discovery. The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

Finally, less drastic sanctions are not available. The court previously imposed a less drastic sanction when it ordered plaintiff to comply with discovery. ECF No. 36. The court also specifically warned plaintiff that because he had "wholly failed to respond to defendants' discovery requests", he would only be "allowed one last opportunity to timely respond to defendants' discovery requests by the deadline provided in this order." *Id.* As discussed *supra*, that deadline has long passed, and plaintiff has willfully disregarded the court's order by neither responding to the discovery requests nor providing this court or the defendants with any justification for his lack of response. Furthermore, because plaintiff is proceeding *in forma pauperis*, monetary sanctions are not available. Plaintiff's failure to comply with his discovery obligations jeopardizes "the orderly administration of justice," and given that plaintiff's responses were originally due in September 2023, there is no indication that additional sanctions or another order from the court will result in plaintiff's compliance. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).

### III.   Conclusion

Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to this action. It is further RECOMMENDED that:

1) Defendants' motion for terminating sanctions (ECF No. 37) be granted;

2) All other outstanding motions, including defendants' motion to modify scheduling order (ECF No. 38), be denied as moot.

3) Plaintiff's action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE